LUIS A. CARRILLO, Esq. SBN 70398
MICHAEL S. CARRILLO, Esq. SBN 258878
**CARRILLO LAW FIRM, LLP**
1499 Huntington Drive, Suite 402
South Pasadena, CA 91030
Tel: (626) 799-9375
Fax: (626) 799-9380

Attorneys for Plaintiff
ELIZABETH MEDRANO
ALFREDO ESCOBEDO

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ELIZABETH MEDRANO, ALFREDO ESCOBEDO, Plaintiffs and as Successors-in-Interest for Decedent Christian Escobedo.**<br><br>          Plaintiffs,<br><br>v.<br><br>**CITY OF LOS ANGELES; and DOES 1 THROUGH 10, inclusive.**<br><br>          Defendants. | **CASE NO:**<br><br>**COMPLAINT FOR DAMAGES:**<br><br>1. Negligence (Wrongful Death)<br>2. Violation of Federal Civil Rights (42 U.S.C. § 1983)<br>3. Municipal Liability – Inadequate Training (42 U.S.C. § 1983)<br>4. Municipal Liability for Unconstitutional Custom, Practice, or Policy (42 U.S.C. § 1983)<br>5. Violation of Bane Act (Cal. Civil Code § 52.1)<br><br>**[DEMAND FOR JURY TRIAL]** |

## COMPLAINT FOR DAMAGES

Plaintiffs, ELIZABETH MEDRANO, ALFREDO ESCOBEDO, individually, and as successors-in-interest to CHRISTIAN ESCOBEDO, DECEDENT, for their complaint against Defendants CITY of LOS ANGELES, and Does 1-10, inclusive, aver and allege as follows:

# I.

## JURISDICTION AND VENUE

1.    This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3)-(4) because Plaintiffs assert claims arising under the laws of the United States including 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments of the United States Constitution.  This Court has supplemental jurisdiction over Plaintiff's claims arising under state law pursuant to 28 U.S.C. § 1367(a), because those claims are so related to the federal claims that they form part of the same case or controversy under Article III of the United States Constitution.

2.    Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants reside in the Central District of California, and all incidents, events, and occurrences giving rise to this action occurred in the Central District.

# II.

## PARTIES

3.    At all relevant times, CHRISTIAN ESCOBEDO ("DECEDENT") was an individual residing in the County of Los Angeles.

4.    Plaintiffs ELIZABETH MEDRANO, and ALFREDO ESCOBEDO, are individuals residing in the County of Los Angeles, California and are the natural mother and father of DECEDENT, and are suing in a representative capacity as successors-in-interest to DECEDENT pursuant to California Code of Civil Procedure § 377.60.

5.    At all relevant times, Defendant CITY OF LOS ANGELES ("CITY") is, and was, a municipal corporation existing under the laws of the State of California. CITY is a chartered subdivision of the State of California with the capacity to be sued.  CITY is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agents and agencies, including the Los Angeles Police Department and its agents and employees.  At all relevant times, Defendant CITY was responsible for assuring that the actions, omissions, policies, procedures, practices, and customs of the and its employees and agents complied with the laws of the United States and of the State of California. At all relevant times, CITY was the employer of Defendants DOES 1-10.

2

COMPLAINT FOR DAMAGES

6.      At all times relevant hereto, DOES 1 through 10, were residents of the City of Los Angeles, and at all times mentioned herein were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Los Angeles Police Department, and under the color of the statutes, regulations, and laws of the State of California. Said Defendants were acting within their capacity as employees, agents, representatives, employees, and servants of the Defendant CITY.

7.      Defendants, DOES 1 through 10, as duly sworn peace officers, were specifically authorized by the Los Angeles Police Department to perform the duties and responsibilities of sworn officers and law enforcement officers of the Los Angeles Police Department, and all acts hereinafter complained of were performed by each of them within the course and scope of their duties as Police Officers for Defendant CITY OF LOS ANGELES, and as law enforcement officers for the Los Angeles Police Department. DOES 1 through 10 are also sued herein in their individual capacity and in their official capacity as peace officers of the Los Angeles Police Department. Said Defendant CITY encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the acts and omissions complained of herein.

8.      The present Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, and therefore sue these Defendants by such fictitious names. Plaintiffs will amend this complaint to allege said Defendants' true names and capacities when ascertained. Plaintiffs are informed and believe and thereon allege that each of the fictitiously named Defendants are responsible in some manner for the occurrences herein alleged, and that Plaintiffs' injuries as herein alleged were proximately caused by the acts and/or omissions of said fictitiously named Defendants.

9.      At all times mentioned herein, each and every Defendant was the agent of each and every other Defendant and had the legal duty to oversee and supervise the hiring, conduct, and employment of each and every Defendant.

10.     All of the acts complained of herein by Plaintiffs against Defendants were done and performed by said Defendants by and through their authorized agents, and employees, all of whom at all relevant times herein were acting within the course, purpose, and scope of said agency, and employment. CITY ratified all of the acts herein.

# III.

## FACTS COMMON TO ALL CAUSES OF ACTION

11.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

12.     On or about January 14, 2018, CHRISTIAN ESCOBEDO was wrongfully shot and killed by Los Angeles police Officers, DOES 1 -10, who unjustifiably used excessive deadly force and fired their guns at Decedent CHRISTIAN ESCOBEDO. DECEDENT was asleep around 6:00 a.m. in the morning, in a sidewalk/driveway, when Los Angeles police Officers, DOES 1-10, came up to DECEDENT and started shooting immediately at DECEDENT.

13.     Prior to the shooting, Los Angeles Police officers, DOES 1-10, approached the DECEDENT and without justification shot and killed the DECEDENT. The Los Angeles Police Officers, DOES 1-10, shot and killed an unarmed victim. DOES 1-10 intentionally or negligently shot and killed Decedent CHRISTIAN ESCOBEDO. During this time, there were no reports to, or from, the Los Angeles Police Department that the DECEDENT caused any harm to any persons or caused any property damage, or that he presented an immediate threat of death or serious bodily injury to anyone, including Los Angeles Police Officers.

14.     Plaintiffs are informed and believe that CITY and its Police Department were obligated to provide proper training to its police officers. The intentional and negligent conduct of DOES 1-10 was a result of the negligent employment, negligent retention, negligent training, and negligent supervision by the Defendant CITY.

15.     The intentional, and/or negligent use of deadly force by the Los Angeles Police Officers, DOES 1-10, was a result of the negligent employment, negligent retention, negligent supervision, and negligent training of the CITY OF LOS ANGELES. The intentional, reckless, negligent, and unjustified use of deadly force by the Los Angeles Police Officers, DOES 1-10, was a result of the negligent training of Los Angeles Police Officers by the CITY of LOS ANGELES who failed to train Los Angeles Police Officers, such as DOES 1-10, as to proper police tactics, proper **situational awareness**,

proper use of force, proper use of deadly force, and proper detention and arrest procedures. The CITY of LOS ANGELES was responsible for the training of Los Angeles Police Officers to ensure that the actions, procedures, and practices of Los Angeles Police Officers complied with POST training standards regarding proper police tactics, and proper use of deadly force. These failures to train by the CITY of LOS ANGELES manifested a deliberate indifference to the civil rights of the residents of the City of Los Angeles.

16.    CITY Of LOS ANGELES, the CHIEF of the Los Angeles Police Department, Commanders, Captains, and other high ranking supervisors of the Los Angeles Police Department, negligently failed to train Los Angeles Police Officers, such as DOES 1-10, in conformity with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. Peace Officer Standards and Training (POST) was established by the California Legislature in 1959 to set minimum training standards for California law enforcement officers. The CITY OF LOS ANGELES, and high ranking supervisors, ratify, condone, and acquiesce in the negligent and/or excessive use of force by its police officers, acting under color of law. The failure to train by the CITY of LOS ANGELES manifested a deliberate indifference to the civil rights of the residents of the City.

17.    The CITY OF LOS ANGELES, the CHIEF of the Los Angeles Police Department, Commanders, Captains, and other high ranking supervisors of the Los Angeles Police Department; negligently failed to train Los Angeles Police Officers, such as DOES 1-10, in conformity with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures; negligently failed to properly train City of Los Angeles Police Officers, such as DOES 1-10, to *de-escalate* situations and interactions with City of Los Angeles residents so as to avoid the use of force, and the use of deadly force. These negligent failures of the CITY OF LOS ANGELES caused Los Angeles Police Department Officers, such as DOES 1-10, to *escalate* their interactions with residents and to *overreact* and resort to use of deadly force when use of force is **not** necessary. These negligent failures to properly train City of Los Angeles Police Officers, such as DOES 1-10, was the

proximate cause of the shooting of CHRISTIAN ESCOBEDO on January 14, 2018, who was wrongfully shot and killed by LAPD Police Officers, DOES 1-10. These failures to train by the CITY of LOS ANGELES manifested a deliberate indifference to the civil rights of the residents of the City of Los Angeles.

18.    The CITY OF LOS ANGELES, the CHIEF of the Los Angeles Police Department, Commanders, Captains, and other high ranking supervisors, ratify, condone, and acquiesce in the filing of false police reports to "cover up" the negligent and/or excessive use of force; and ratify, condone, and acquiesce, in the falsification of evidence, the "planting" of evidence to "cover up" the negligent and/or excessive use of force, and other Police Department misconduct.

19.    Plaintiffs are informed and believe that CITY and Police Department lacked appropriate  procedure, policy and training on how to effectuate contact with an armed individual and should have used other less deadly, reasonable methods of initiating contact with the DECEDENT, other than shooting at and killing the DECEDENT.

20.    Plaintiffs are informed and believe that CHRISTIAN ESCOBEDO's death came about as a result of the CITY and the Police Department's lack of implementation of proper procedure and training. If City of Los Angeles Police Officers, such as DOES 1-10, had been properly trained, and had such training been properly implemented, the death of DECEDENT would have occurred.

21.    Plaintiffs are informed and believe that prior to the shooting and at the time of the shooting, Defendants failed to ascertain whether or not the DECEDENT was a threat to himself or others, or whether there was any immediate threat of death or serious bodily injury to others.

22.    Prior to the shooting, the DECEDENT and his friend had walked a distance of approximately nine (9) miles starting around 1:30 a.m. DECEDENT walked for several hours, from the city of South El Monte, to the location of the shooting on Amethyst Avenue, Los Angeles. Due to the lengthy amount of time that it took for the DECEDENT to walk from South El Monte to Amethyst Avenue, the DECEDENT became tired and had fallen asleep, leaning against a tree planter on the corner of Amethyst Avenue at the time when City of Los Angeles Police Officers came into contact with DECEDENT and his

friend. Because the DECEDENT was asleep after having to walk such a long distance, the DECEDENT was very tired and groggy and was not able to wake quickly, or respond quickly enough to satisfy the Police Officers demands fast enough. Proper training of City of Los Angeles Police Officers would have resulted in tactics using less deadly, and more reasonable methods of initiating contact with the DECEDENT, other than shooting at and killing of DECEDENT.

23.    At the time of the shooting, DECEDENT was sitting or laying down upon the pavement. At the time of the shooting, DECEDENT was unarmed.

24.    At the time of the shooting, DECEDENT posed no imminent threat of death or serious physical injury to any person, or any LAPD Officers such as DOES 1-10, especially since he was unarmed.

25.    DECEDENT had not committed any crime, had not threatened anyone, was not about to harm anyone, and posed no imminent threat of death or serious bodily injury to anyone, such as DOES 1-10.  As a result of the excessive use of deadly force, DECEDENT endured severe pain and suffering, suffered blunt force trauma to his entire body and extremities, and four gunshot wounds which ultimately lead to his death.

26.    The use of deadly force against DECEDENT was excessive and objectively unreasonable under the circumstances, especially because DECEDENT was sitting or laying on the ground, surrounded by Officers, DOES 1-10, was unarmed and did not pose an immediate threat of death or serious bodily injury to anyone at the time of the shooting.

27.    Defendants did not timely summon medical care or permit medical personnel to treat DECEDENT. The delay of medical care to DECEDENT caused DECEDENT extreme physical and emotional pain and suffering, and was a contributing cause of DECEDENT's serious injuries and his ultimate death.

28.    As a direct and proximate result of all Defendants' acts and omissions, Plaintiffs have suffered the loss of love, affection, society, services, of DECEDENT. The shooting of DECEDENT was totally unjustified in that DECEDENT was unarmed and did not pose a threat to the safety of any of the officers. DECEDENT was asleep around 6:00-6:30 a.m. in the morning, in a sidewalk/driveway, leaning against a tree planter, in an area where students park their cars, when Officers DOES 1-10 shot and killed DECEDENT.

# FIRST CLAIM FOR RELIEF

## Negligence (Cal. Govt. Code § 810 and California Common Law)
## (Wrongful Death)

(Against All Defendants)

29.    Plaintiff re-alleges and incorporates by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

30.    Police officers, such as Los Angeles Police Department officers DOES 1-10, have a duty to use reasonable care to prevent harm or injury to others, such as DECEDENT. This duty includes, among other things, using appropriate tactics, not using force unless necessary, using less than lethal options, giving appropriate commands and warnings prior to using deadly force, and only using deadly force as a last resort.

31.    On or about January 14, 2018, CITY of LOS ANGELES Police Officers, including DOES 1-10, were acting within the course and scope of their employment with the Los Angeles Police Department, when they negligently used excessive and deadly force when they shot and killed DECEDENT.

32.    Defendants CITY of LOS ANGELES, and DOES 1-10, knew that by acting as sworn officers under the color of law, they were charged with ensuring the safety and well-being of DECEDENT. The actions and inaction of Defendants CITY of LOS ANGELES, and DOES 1-10, were negligent and reckless. The duty to protect and ensure the safety of residents, such as DECEDENT, including but not limited to:

   a.  The duty to properly train City of Los Angeles Police Officers, such as DOES 1-10, in conformity with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures to protect and ensure the safety of residents, of the City of Los Angeles, such as DECEDENT.

   b.  The duty to properly train City of Los Angeles Police Officers, such as DOES 1-10, to *de-escalate* situations and interactions with City of Los

Angeles residents so as to avoid the use of force, and the use of deadly force to protect and ensure the safety of residents of the City of Los Angeles, such as DECEDENT.

33.   The duty to protect and ensure the safety of the residents of the City of Los Angeles, such as DECEDENT, were breached by the acts and omissions of Defendants CITY of LOS ANGELES, and DOES 1-10, by *inter alia*:

a.   The negligent failures to properly train City of Los Angeles Police Officers, such as DOES 1-10, by the CITY of LOS ANGELES, caused Los Angeles Police Department Officers, such as DOES 1-10, to *escalate* their interactions with residents and to *overreact* and resort to use of deadly force when use of force is **not** necessary.

b.   The negligent failures of DOES 1-10, to properly and adequately assess the need to use deadly force, against DECEDENT, when DOES 1-10 approached DECEDENT, and the negligent handling of the situation when DECEDENT was killed by DOES 1-10, including the pre-shooting lack of *situational awareness* by DOES 1-10 because DECEDENT was asleep around 6:00-6:30 a.m. in the morning, in a sidewalk/driveway, leaning against a tree planter, in an area where students park their cars, when Officers DOES 1-10, who were not properly trained by CITY, came up to DECEDENT and started shooting immediately at DECEDENT.

c.   The negligent *communication of information* by DOES 1-10 before and during the incident, which was also part of the negligent failures of the *situational awareness* by DOES 1-10.

d.   The use of deadly force by DOES 1-10 when none was necessary.

e.   The negligent detention, arrest, and use of force, including deadly force, by DOES 1-10 against DECEDENT.

f.   The negligent failure to provide and/or summon prompt medical care to DECEDENT by DOES 1-10.

g. The negligent failures of the CITY of LOS ANGELES to properly train and supervise its Police Officers, such as DOES 1-10.

h. The failure to ensure that adequate numbers of Police Officers with appropriate POST education and POST training were available to ensure the safety of DECEDENT.

i. The negligent handling of evidence, witnesses, and negligent failures of the CITY of LOS ANGLES in the investigation of the death of DECEDENT.

34. On or about January 14, 2018, Defendant CITY, its Police Officers, such as DOES 1-10, acting within the course and scope of their employment with the Los Angeles Police Department, negligently used deadly force against DECEDENT and shot and killed DECEDENT. The actions of the Defendants DOES 1-10 were negligent and breached the duties owed to DECEDENT and Plaintiffs ELIZABETH MEDRANO, and ALFREDO ESCOBEDO.

35. As a direct and proximate result of the conduct of Defendants CITY of LOS ANGELES, and DOES 1-10 as alleged above, DECEDENT was caused to suffer severe pain and suffering and ultimately died as a result of the shooting by DOES 1-10, and lost earning capacity. As a direct and proximate result of Defendants' conduct as alleged above, Defendants CITY of LOS ANGELES, and DOES 1-10 caused the wrongful death of DECEDENT. Also, Plaintiffs ELIZABETH MEDRANO, and ALFREDO ESCOBEDO have suffered the loss of the life-long love, companionship, comfort, care, assistance, support, protection, affection, society, and moral support of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

36. Defendant CITY of LOS ANGELES is vicariously liable for the negligent and wrongful acts of DOES 1-10 pursuant to section 815.2 of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## SECOND CLAIM FOR RELIEF
### Battery (Cal. Govt. Code § 810 and California Common Law)
### (Wrongful Death)
(Against All Defendants)

37.   Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

38.   CITY Police Officers, DOES 1-10, while working as Police Officers for the Los Angeles Police Department, and acting within the course and scope of their duties, negligently shot DECEDENT. As a result of the actions of DOES 1-10, DECEDENT suffered severe pain and suffering and ultimately died from his injuries and lost earning capacity. CITY Police Officers, had no legal justification for using force against DECEDENT, and said Defendant's use of force while carrying out their police officer duties was an unreasonable use of force, especially since DECEDENT was not an imminent threat to DOES 1-10.

39.   Plaintiffs ELIZABETH MEDRANO and ALFREDO ESCOBEDO have suffered the loss of the life-long love, companionship, comfort, care, assistance, support, protection, affection, society, and moral support of DECEDENT, and will continue to be so deprived for the remainder of their natural lives. Plaintiffs are also seeking wrongful death damages under this claim.

40.   As a direct and proximate result of the conduct as alleged above, CITY is vicariously liable for the wrongful acts of the Los Angeles Police Department Officers, pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's act would subject him or her to liability.

## THIRD CLAIM FOR RELIEF
### VIOLATION OF FEDERAL CIVIL RIGHTS [42 U.S.C. § 1983])
(Against All Defendants and DOES 1-10)

41.   Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth in this cause of action.

42. This cause of action is to redress a deprivation, under color of authority, statute, ordinance, regulation, policy, custom, practice or usage of a right, privilege and immunity secured to Plaintiffs by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

43. Defendant CITY of LOS ANGELES, and DOES 1 through 10, and each of them, owed a duty under Federal law to protect the civil rights of DECEDENT.

44. Plaintiffs contend and herein allege that Defendants CITY of LOS ANGELES, and DOES 1 through 10, and each of them, breached these aforementioned duties intentionally and in violation of the civil rights of DECEDENT and Plaintiffs, in relation to all their interactions with DECEDENT, on January 14, 2018, including, but not limited to, use of excessive and deadly force upon DECEDENT when DECEDENT was not an imminent threat to DOES 1-10.

45. Plaintiffs contend and herein allege that Defendant CITY of LOS ANGELES, and Does 1 through 10, and each of them, breached these aforementioned duties, which constituted violations of the Federal civil rights of the DECEDENT CHRISTIAN ESCOBEDO, in violation of 42 U.S.C. § 1983 of the Fourth and Fourteenth Amendments of the United States Constitution.

46. Plaintiffs contend and herein allege that Defendants CITY of LOS ANGELES, and DOES 1-10 use of excessive and deadly force upon the DECEDENT, who was not an imminent threat to DOES 1-10, was the legal cause of the DECEDENT's death on January 14, 2018.

47. On January 14, 2018, Defendants CITY of LOS ANGELES and DOES 1-10 violated the DECEDENT's civil rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, nor the deprivation of life and liberty and denial of due process of law. The violation was under color of State and Federal law. Defendants CITY of LOS ANGELES and DOES 1-10, and each of them, acted in violation of the Fourth, Eighth and Fourteenth Amendment of the United States Constitution, when the DECEDENT was subjected to excessive force and killed by Defendants DOES 1-10.

48.     DECEDENT had a cognizable interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution to be free from state actions that deprive him of his right to life, liberty, or property in such a manner as to shock the conscience.

49.     As a result of the uses of excessive force by Los Angeles Police Officers the DECEDENT died. Plaintiffs ELIZABETH MEDRANO and ALFREDO ESCOBEDO were thereby deprived of their constitutional right of familial relationship with their son DECEDENT.

50.     Defendants CITY of LOS ANGELES and DOES 1-10, and each of their actions as aforesaid above, directly and proximately caused constitutional injuries and damages to DECEDENT and to Plaintiffs ELIZABETH MEDRANO and ALFREDO ESCOBEDO, set forth herein.

51.     Defendant CITY of LOS ANGELES and DOES 1-10, are liable for the violation of the civil rights of DECEDENT and Plaintiffs ELIZABETH MEDRANO and ALFREDO ESCOBEDO; and which was also caused by the customs, policies and practices of the Defendant CITY of LOS ANGELES.

52.     As a direct and proximate result of the conduct of the Defendant CITY of LOS ANGELES and DOES 1-10, and each of them, the DECEDENT suffered the following injuries and damages for which Plaintiffs may recover:

        a. Violation of DECEDENT's Constitutional Rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person, cruel and unusual punishment, nor the deprivation of life and liberty and denial of due process of law;

        b. Loss of life of DECEDENT, CHRISTIAN ESCOBEDO;

        c. Conscious physical pain, suffering and emotional trauma suffered by DECEDENT during the incident on January 14, 2018.

53.     As a direct and proximate result of the conduct of the Defendants CITY of LOS ANGELES and DOES 1 through 10, Plaintiffs ELIZABETH MEDRANO and ALFREDO ESCOBEDO have suffered the loss of the life-long love, companionship,

comfort, care, assistance, support, protection, affection, society, and moral support of DECEDENT, and will continue to be so deprived for the remainder of their natural lives.

54.     Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to an award of attorneys' fees, costs and expenses as a result of the violations of DECEDENT and Plaintiffs' civil rights by Defendants CITY OF LOS ANGELES and DOES 1-10, and the constitutional injuries caused by Defendants CITY OF LOS ANGELES and DOES 1-10.

## FOURTH CLAIM FOR RELIEF

### Municipal Liability – Failure to Train (42 U.S.C. § 1983)

(By Plaintiffs Against All Defendants)

55.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause.

56.     Defendant CITY police officers, DOES 1-10, acted under color of law and violated the rights of DECEDENT and Plaintiffs when DOES 1-10 shot and killed DECEDENT on January 14, 2018.

57.     The acts of Defendant CITY and DOES 1-10, deprived DECEDENT and Plaintiffs of their civil rights guaranteed under the United States Constitution.

58.     The negligent and unjustified use of deadly force by the CITY Officers, DOES 1-10, was a result of the negligent training by the CITY who failed to train CITY Officers as to proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. The CITY was responsible for the training of CITY Officers to ensure that the actions, procedures, and practices of Officers DOES 1-10 complied with Peace Officer Standards and Training (POST) training standards regarding proper police tactics, and proper use of deadly force.

59.     The CITY, negligently failed to train CITY officers to comply with POST training standards regarding proper police tactics, proper use of force, proper use of deadly force, and proper detention and arrest procedures. POST was established by the California Legislature in 1959 to set minimum training standards for California police officers. The training policies of CITY were not adequate to train its police officers to handle the usual and recurring situations with residents that DOES 1-10 have contact with.

COMPLAINT FOR DAMAGES

60.  The training policies of the CITY were deficient in the following ways:

a. The CITY failed to properly train City of Los Angeles Police Officers, such as DOES 1-10, so that Officers, such as DOES 1-10, do not *escalate* their interactions with residents and do not *overreact* and resort to use of deadly force when the use of force was not necessary.

b. The CITY failed to properly train City of Los Angeles Police Officers, such as DOES 1-10, so that Officers, such as DOES 1-10, do not permit fear to reach the point of becoming *unreasonable* fear which would result in the use of deadly force to cause the death of residents, such as DECEDENT. This was a part of the CITY's negligent failure to train DOES 1-10 to properly and adequately assess the need to use deadly force against DECEDENT.

c. On January 14, 2018, DECEDENT was asleep around 6:00-6:30 a.m. in the morning, in a sidewalk/driveway, leaning against a tree planter, in an area where students park their cars, when Officers DOES 1-10, who were not properly trained by CITY, came up to DECEDENT and started shooting immediately at DECEDENT.

d. The CITY failed to properly train City of Los Angeles Police Officers, such as DOES 1-10, in proper police tactics, such as *situational awareness* so that Officers, such as DOES 1-10, do not utilize negligent tactics, such as when DOES 1-10 approached DECEDENT and his friend, who were asleep around 6:00-6:30 a.m. in the morning, in a sidewalk/driveway in the area where students park their cars. Because of this lack of proper training by the CITY, DOES 1-10 did not use proper police tactics in handling of the contact with DECEDENT, and DOES 1-10 used defective police tactics, including the pre-shooting lack of *situational awareness* by DOES 1-10. These defective tactics resulted in the shooting by DOES 1-10 that killed DECEDENT.

15

e.  The CITY failed to properly train City of Los Angeles Police Officers, such as DOES 1-10, so that Officers, such as DOES 1-10, would be trained in the importance of *effective communication* prior to using deadly force.

f.  Because of the lack of proper training by the CITY, DOES 1-10 did <u>not</u> use *effective communication* prior to and during the shooting of DECEDENT. The *ineffective communication* of information by DOES 1-10, prior to and during the incident, resulted in the shooting by DOES 1-10 that killed DECEDENT.

61.     The failure to properly train police officers by the Defendant CITY of LOS ANGELES was the driving force that caused DOES 1-10 to shoot and kill DECEDENT; and had DOES 1-10 been properly trained, DECEDENT would not have been shot and killed by DOES 1-10. The failure to properly train police officers by the Defendant CITY of LOS ANGELES manifests a deliberate indifference to the violations of civil rights, and is the resulting consequence of a failure to train Los Angeles police Officers by the CITY.

62.     The failure of Defendant CITY to provide adequate training caused the deprivation of the Plaintiffs' rights by the Los Angeles Police Department; that is, the Defendant's failure to train is so closely related to the deprivation of Plaintiffs' civil rights as to be the moving force that caused the ultimate death of DECEDENT.

63.     Plaintiffs are informed and believe that the Decedent's death came about as a result of the CITY's lack of implementation of proper training for DOES 1-10. Had the Defendants DOES 1-10 been properly trained, and had such training been properly implemented, this incident would have been avoided.

64.     By reason of the aforementioned acts and omissions, Plaintiffs have suffered the loss of the love, companionship, affection, comfort, care, society, training, guidance, and moral support of DECEDENT. The aforementioned acts and omissions also caused DECEDENT's pain and suffering, loss of enjoyment of life, and death.

65.     Accordingly, Defendants CITY, and DOES 1-10 each are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

66.     Plaintiffs bring this claim in each cause of action as a successors-in-interest to DECEDENT, and seek both survival and wrongful death damages under this claim.

67.     Pursuant to 42 U.S.C. § 1988, Plaintiffs are entitled to an award of attorneys' fees, costs and expenses as a result of the violations of DECEDENT and Plaintiffs' civil rights by Defendants CITY OF LOS ANGELES and DOES 1-10, and the constitutional injuries caused by Defendants CITY OF LOS ANGELES and DOES 1-10.

## FIFTH CLAIM FOR RELIEF

**Municipal Liability for Unconstitutional Custom or Policy (42 U.S.C. § 1983)**

(Against All Defendants)

68.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

69.     On information and belief, the CITY of LOS ANGELES made a formal decision that the shooting of DECEDENT was found to be "within policy" of the Los Angeles Police Department, notwithstanding that DECEDENT was not an imminent threat to DOES 1-10 at the moment he was shot by DOES 1-10. It is the custom, practice, and policy of the CITY of LOS ANGELES to find 99% of fatal shootings by LAPD Officers to be "within policy" and this manifests a deliberate indifference to the civil rights of the residents of the City of Los Angeles.

70.     Defendant CITY of LOS ANGELES, and its Police Department management executives, ratified, acquiesced, and condoned the killing of DECEDENT by DOES 1-10.

71.     On information and belief, Defendant CITY police officers, DOES 1-10, were not disciplined, and were not given additional training, after the fatal shooting of DECEDENT, which evidences ratification and acquiescence in the fatal shooting of DECEDENT by DOES 1-10.

72.     On and for some time prior to January 14, 2018, and continuing to the present date, Defendants CITY of LOS ANGELES and DOES 1-10, deprived Plaintiffs and DECEDENT of the rights and liberties secured to them by the Fourth and Fourteenth Amendments to the United States Constitution, in that said Defendants and their supervising and managerial employees, acting with deliberate indifference to the rights

and liberties of the residents of the City of Los Angeles, and of Plaintiffs and DECEDENT, knowingly maintained, enforced, and applied an official recognized custom, policy, and practice of:

(a) Employing and retaining as CITY Police Officers, such as DOES 1-10, who the CITY knew, or reasonably should have known, had dangerous propensities for abusing their authority and for using excessive force, and using excessive deadly force;

(b) Of inadequately supervising, training, and disciplining CITY Police Officers, such as DOES 1-10, who Defendant CITY knew, or reasonably should have known, had dangerous propensities for abusing their authority and for using excessive force, and using excessive deadly force;

(c) By maintaining grossly inadequate procedures for reporting, supervising, investigating, reviewing, disciplining the intentional misconduct of Defendant CITY police officers, such as DOES 1-10;

(d) By failing to discipline CITY Police Officers, such as DOES 1-10, for conduct such as unlawful detention and excessive use of deadly force;

(e) By ratifying the misconduct of Defendant CITY police officers such as DOES 1-10, for conduct such as excessive use of deadly force;

(f) By having and maintaining an unconstitutional policy, custom, and practice of detaining and arresting individuals without probable cause, and using excessive force, including deadly force, which also is demonstrated by inadequate training regarding these subjects. The policies, customs, and practices of DOES 1-10, were done with a deliberate indifference to the safety and rights of Plaintiffs and DECEDENT;

(g) By failing to properly investigate incidents of excessive use of deadly force by CITY Police Officers, such as DOES 1-10; and,

(h) By failing to remove "problem" LAPD Officers from patrol duties.

COMPLAINT FOR DAMAGES

73.    It is the policy, custom, and practice of Defendant CITY of LOS ANGELES to not objectively investigate complaints of previous incidents of wrongful shootings, excessive use of deadly force, illegal arrests, falsification of police reports, and instead, to officially claim that such incidents are justified and proper.

74.    The policies, customs, and practices of Defendant CITY of LOS ANGELES do in fact encourage LAPD officers, such as DOES 1-10, to believe that wrongful shootings, excessive use of deadly force against residents, illegal arrests, fabrication of police reports, is permissible and will be permitted by Defendant CITY of LOS ANGELES. DOES 1-10 were aware of the policies, customs, and practices of Defendant CITY and DOES 1-10 used excessive deadly force against DECEDENT. These policies and customs of CITY was the driving force that caused DOES 1-10 to shoot and kill DECEDENT.

75.    Other systemic deficiencies, policies, customs, and practices which indicated, and continue to indicate, a deliberate indifference to the violations of the civil rights by the CITY's police Officers, such DOES 1-10, that Defendant CITY of LOS ANGELES was aware of, and has condoned and ratified include;

    a.  Preparation of investigative reports designed to vindicate the use of excessive use of force, regardless of whether such force was justified;

    b.  Preparation of investigative reports which uncritically rely solely on the word of LAPD officers involved in the assault, battery, excessive use of force incidents and which systematically fail to credit testimony by non-police witnesses;

    c.  Preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

    d.  Issuance of public statements exonerating officers involved in such incidents prior to the completion of investigations of the excessive use of force;

    e.  Failure to objectively and independently review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence of the wrongful shooting, assault, excessive use of deadly force, or which contradict such evidence.

76.     By reason of the aforementioned policies and practices of Defendant CITY of LOS ANGELES, and DOES 1-10, DECEDENT was fatally shot, injured and subjected to pain and suffering and lost his life.

77.     Defendants DOES 1-10, together with various other officials, whether named or unnamed, had either actual or constructive knowledge of the deficient policies, practices and customs alleged in the paragraphs above.  Despite having knowledge as stated above these defendants condoned, tolerated and through actions and inactions thereby ratified such policies. Said defendants also acted with deliberate indifference to the foreseeable effects and consequences of these policies with respect to the constitutional rights of DECEDENT, Plaintiffs, and other individuals similarly situated.

78.     By perpetrating, sanctioning, tolerating and ratifying the outrageous conduct and other wrongful acts, Defendants DOES 1-10, acted with an intentional, reckless, and callous disregard for the life of DECEDENT, and DECEDENT and Plaintiffs' constitutional rights. Defendants DOES 1-10's, actions were reckless and negligent. Furthermore, the policies, practices, and customs implemented and maintained and still tolerated by Defendants DOES 1-10, were affirmatively linked to and were a significantly driving force behind the injuries of DECEDENT and Plaintiffs.

79.     Because of the policies, customs, and practices of Defendant CITY of LOS ANGELES, Defendants DOES 1-10 shot and killed DECEDENT.

80.     By reason of the aforementioned acts and omissions of Defendants CITY OF LOS ANGELES and DOES 1-10, Plaintiffs have suffered loss of love, companionship, affection, comfort, care, society, guidance, and moral support of DECEDENT.

81.     Accordingly, Defendants CITY OF LOS ANGELES and DOES 1-10, are liable to Plaintiffs for compensatory damages under 42 U.S.C. § 1983.

82.     Plaintiff seeks both wrongful death and survival damages under this claim.

83.     Pursuant to 42 U.S.C. § 1988, Plaintiffs herein are entitled to an award of attorneys' fees, costs and expenses as a result of the violations of DECEDENT and Plaintiffs' civil rights by Defendants CITY OF LOS ANGELES and DOES 1-10, and the constitutional injuries caused by Defendants CITY OF LOS ANGELES and DOES 1-10.

COMPLAINT FOR DAMAGES

## SIXTH CLAIM FOR RELIEF

### Violation of Bane Act (Cal. Civil Code § 52.1 and California Common Law)

(Against All Defendants)

84.     Plaintiffs re-allege and incorporate by reference herein each and every allegation contained herein above as though fully set forth and brought in this cause of action.

85.     California Civil Code, Section 52.1 (the Bane Act), applies to this complaint with the same force and effect as fully set forth herein:

   a. If a person or person, whether or not acting under color of law, interferes by threat, intimidation, or coercion, or attempts to interfere by threat, intimidation, or coercion, with the exercise or enjoyment by any individual or individuals or rights secured by the Constitution or laws of the United States, or of the rights secured by the Constitution or laws of this state... a civil action for injunctive and other appropriate equitable relief may be brought.

86.     Any individual whose exercise or enjoyment of rights secured by the Constitution or laws of this state, has been interfered with, as described in subdivision (a), may institute and prosecute in his name and on his own behalf a civil action for damages, including but not limited to, damages under Section 52, injunctive relief, and other appropriate equitable relief to protect the peaceable exercise or enjoyment of the rights secured, including appropriate equitable and declaratory relief to eliminate a pattern or practice of conduct as described in subdivision (a).

87.     The Bane Act, the California Constitution and California common law prohibit the use of excessive force by law enforcement. California Civil Code, Section 52.1(b) authorizes a private right of action and permits survival actions for such claims. See *Bay Area Rapid Transit Dist. v. Superior Court*, 38 Cal.App.4th 141, 144 (1995). "[A] successful claim for excessive force under the Fourth Amendment provides the basis for a successful claim under § 52.1." *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1105-06 (9th Cir. 2014); citing *Cameron v. Craig*, 713 F.3d 1012, 1022 (9th Cir.2013) ("[T]he elements of the excessive force claim under § 52.1 are the same as under § 1983."); *Bender v. Cnty. of L.A.*, 217 Cal.App.4th 968, 976 (2013) ("an unlawful [seizure]—when

accompanied by unnecessary, deliberate and excessive force—is [] within the protection of the Bane Act").

88.    DOES 1-10 violated DECEDENT's Fourth Amendment rights to be free from unreasonable seizures when DOES 1-10 used excessive and unreasonable force against him, killing him.

89.    DECEDENT was caused to suffer severe pain and suffering and ultimately died for which he, by Plaintiffs as his successors-in-interest, is entitled to recover survival damages.

90.    The conduct of Defendants DOES 1-10 was a substantial factor in causing the harm, losses, injuries, and damages of DECEDENT.

91.    CITY OF LOS ANGELES is vicariously liable for the wrongful acts of DOES 1-10 pursuant to section 815.2(a) of the California Government Code, which provides that a public entity is liable for the injuries caused by its employees within the scope of the employment if the employee's acts would subject him or her to liability.

92.    Plaintiffs also seek costs and attorney fees under this claim pursuant to subsection (h).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants CITY OF LOS ANGELES, and DOES 1-10, inclusive, as follows:

A.    For compensatory damages, including both survival damages and wrongful death damages under federal and state law, in the amount to be proven at trial;

B.    For funeral and burial expenses;

C.    For interest;

D.    For other general damages in an amount according the proof at trial;

E.    For other special damages in an amount according to proof at trial;

F.    For reasonable costs of this suit;

G.    Attorneys fees pursuant to 42 U.S.C. § 1988;

H.    Attorneys fees and costs pursuant to California Civil Code, Section 52.1 subsection (h). The Bane Act.

COMPLAINT FOR DAMAGES

I.     For such further other relief as the Court may deem just, proper, and appropriate.

Dated: November 6, 2018                 CARRILLO LAW FIRM, LLP

By: _____
     Luis A. Carrillo, Esq.,
     Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES

## **DEMAND FOR JURY TRIAL**

The Plaintiffs named herein hereby demand a trial by jury.

Dated: November 6, 2018                    CARRILLO LAW FIRM, LLP


By: _____
           Luis A. Carrillo, Esq.,
           Attorneys for Plaintiffs

COMPLAINT FOR DAMAGES