1
2
3
4
5
6
7
8               **UNITED STATES DISTRICT COURT**
9               **CENTRAL DISTRICT OF CALIFORNIA**
10
11   ELIZABETH MEDRANO, ALFREDO        **CASE NO.: 2:18-cv-09435 R (Ex**
     ESCOBEDO, Plaintiffs and as       [Assigned to Judge Manuel L. Real, Ctrm. 880]
12   Successors-in-Interest for Decedent,   [Assigned to Magistrate Judge Charles F. Eick, Ctrm
     Christian Escobedo,               750]
13
14              Plaintiff,
15   vs.                               [~~PROPOSED~~] **STIPULATED**
                                       **PROTECTIVE ORDER RE:**
16   CITY OF LOS ANGELES; DOES 1       **DISCLOSURE OF CONFIDENTIAL**
     THROUGH 10, inclusive,            **INFORMATION**
17
18              Defendants.
19
20
21               **ORDER ON STIPULATION**
22       The Court, finding good cause, Orders as follows:
23   **1.    A.    PURPOSES AND LIMITATIONS**
24       Discovery in this action is likely to involve production of confidential,
25   proprietary or private information for which special protection from public disclosure
26   and from use for any purpose other than prosecuting this litigation may be warranted.
27   Accordingly, the parties hereby stipulate to and petition the Court to enter the
28   following Stipulated Protective Order.  The parties acknowledge that this Order does

1

1   not confer blanket protections on all disclosures or responses to discovery and that the

2   protection it affords from public disclosure and use extends only to the limited

3   information or items that are entitled to confidential treatment under the applicable

4   legal principles.

5   **B.    GOOD CAUSE STATEMENT**

6          This action involves the City of Los Angeles and members of the Los Angeles

7   Police Department.  Plaintiff is seeking materials and information that Defendants the

8   City of Los Angeles et al. ("City") maintains as confidential, such as personnel files

9   of the police officers involved in this incident, Internal Affairs materials and

10  information, video recordings, audio recordings, Force Investigation Division

11  materials and information and other administrative materials and information

12  currently in the possession of the City and which the City believes need special

13  protection from public disclosure and from use for any purpose other than prosecuting

14  this litigation.  Plaintiff is also seeking official information contained in the personnel

15  files of the police officers involved in the subject incident, which the City maintains

16  as strictly confidential and which the City believes need special protection from

17  public disclosure and from use for any purpose other than prosecuting this litigation.

18         The City asserts that the confidentiality of the materials and information sought

19  by Plaintiff is recognized by California and federal law, as evidenced inter alia by

20  California *Penal Code* section 832.7 and *Kerr v. United States Dist. Ct. for N.D. Cal.*,

21  511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394 (1976).  The City has not

22  publicly released the materials and information referenced above except under

23  protective order or pursuant to a court order, if at all.  These materials and information

24  are of the type that has been used to initiate disciplinary action against Los Angeles

25  Police Department ("LAPD") officers, and has been used as evidence in disciplinary

26  proceedings, where the officers' conduct was considered to be contrary to LAPD

27  policy.

28

2

1    The City contends that absent a protective order delineating the responsibilities
2  of nondisclosure on the part of the parties hereto, there is a specific risk of
3  unnecessary and undue disclosure by one or more of the many attorneys, secretaries,
4  law clerks, paralegals and expert witnesses involved in this case, as well as the
5  corollary risk of embarrassment, harassment and professional and legal harm on the
6  part of the LAPD officers referenced in the materials and information.

7    The City also contends that the unfettered disclosure of the materials and
8  information, absent a protective order, would allow the media to share this
9  information with potential jurors in the area, impacting the rights of the City herein to
10 receive a fair trial.

11   Accordingly, to expedite the flow of information, to facilitate the prompt
12 resolution of disputes over confidentiality of discovery materials, to adequately
13 protect information the parties are entitled to keep confidential, to ensure that the
14 parties are permitted reasonable necessary uses of such material in preparation for and
15 in the conduct of trial, to address their handling at the end of the litigation, and serve
16 the ends of justice, a protective order for such information is justified in this matter.  It
17 is the intent of the parties that information will not be designated as confidential for
18 tactical reasons and that nothing be so designated without a good faith belief that it
19 has been maintained in a confidential, non-public manner, and there is good cause
20 why it should not be part of the public record of this case.

21  **C.    ACKNOWLEDGMENT OF PROCEDURE FOR FILING UNDER**
22         **SEAL**

23   The parties agree that any pleadings, motions, briefs, declarations, stipulations,
24 exhibits or other written submissions to the Court in this litigation which contain or
25 incorporate Confidential Material shall be lodged with an application and/or joint
26 stipulation to file the papers or the portion thereof containing the Confidential
27 Material, under seal.

28

3

1    The parties agree that they will meet and confer regarding the necessity of
2    seeking an order from the Court filing under seal any pleadings, motions, briefs,
3    declarations, stipulations, exhibits or other documents and/or materials at least five (5)
4    days prior to filing any application and/or joint stipulation to file under seal.

5    The parties further acknowledge, as set forth in Section 12.3, below, that this
6    Stipulated Protective Order does not automatically entitle them to file confidential
7    information under seal and that Local Civil Rule 79-5 sets forth the procedures that
8    must be followed and the standards that will be applied when a party seeks permission
9    from the Court to file material under seal.

10   **2.    DEFINITIONS**

11   **2.1    Action:** *Elizabeth Medrano, et al. v. City of Los Angeles, et al.* 2:18-cv-
12   09435 R (E).

13   **2.2    Challenging Party:** a Party or Non-Party that challenges the designation
14   of information or items under this Order.

15   **2.3    "CONFIDENTIAL" Information or Items:** information (regardless of
16   how it is generated, stored or maintained) or tangible things that qualify for protection
17   under Federal Rule of Civil Procedure 26(c), and as specified above in the Good
18   Cause Statement. This also includes (1) any information copied or extracted from the
19   Confidential information; (2) all copies, excerpts, summaries, abstracts or
20   compilations of Confidential information; and (3) any testimony, conversations, or
21   presentations that might reveal Confidential information.

22   **2.4    Counsel:** Counsel of record for the parties to this civil litigation and
23   their support staff.

24   **2.5    Designating Party:** a Party or Non-Party that designates information or
25   items that it produces in disclosures or in responses to discovery as
26   "CONFIDENTIAL."

27   **2.6    Disclosure or Discovery Material:** all items or information, regardless
28   of the medium or manner in which it is generated, stored, or maintained (including,

4

1  among other things, testimony, transcripts, and tangible things), that are produced or
2  generated in disclosures or responses to discovery in this matter

3     **2.7     Expert:** a person with specialized knowledge or experience in a matter
4  pertinent to the litigation who has been retained by a Party or its counsel to serve as an
5  expert witness or as a consultant in this Action.

6     **2.8     Final Disposition:** when this Action has been fully and completely
7  terminated by way of settlement, dismissal, trial and/or appeal.

8     **2.9     House Counsel:** attorneys other than Counsel (as defined in paragraph
9  2.4) and who are employees of a party to this Action.

10    **2.10     Non-Party:** any natural person, partnership, corporation, association or
11  other legal entity not named as a Party to this action.

12    **2.11     Outside Counsel of Record:** attorneys who are not employees of a
13  party to this Action but are retained to represent or advise a party to this Action and
14  have appeared in this Action on behalf of that party or are affiliated with a law firm
15  that has appeared on behalf of that party, and includes support staff.

16    **2.12     Party:** any party to this Action, including all of its officers, directors,
17  boards, departments, divisions, employees, consultants, retained experts, and Outside
18  Counsel of Record (and their support staffs).

19    **2.13     Producing Party:** a Party or Non-Party that produces Disclosure or
20  Discovery Material in this Action.

21    **2.14     Professional Vendors:** persons or entities that provide litigation support
22  services (e.g., photocopying, videotaping, translating, preparing exhibits or
23  demonstrations, and organizing, storing, or retrieving data in any form or medium)
24  and their employees and subcontractors.

25    **2.15     Protected Material:** any Disclosure or Discovery Material that is
26  designated as "CONFIDENTIAL."

27    **2.16     Receiving Party:** a Party that receives Disclosure or Discovery Material
28  from a Producing Party.

3.    **SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, abstracts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material.

Any use of Protected Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Protected Material at trial.

4.    **DURATION**

Once a trial commences in this Action, information that was designated as CONFIDENTIAL or maintained pursuant to this protective order and that is introduced or admitted as an exhibit at trial becomes public and will be presumptively available to all members of the public, including the press, unless compelling reasons supported by specific factual findings to proceed otherwise are made to the trial judge in advance of the trial. *See Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1180-81 (9th Cir. 2006) (distinguishing "good cause" showing for sealing documents produced in discovery from "compelling reasons" standard when merits-related documents are part of court record).  Accordingly, the terms of this protective order do not extend beyond the commencement of the trial as to the CONFIDENTIAL information and material introduced or admitted as an exhibit at trial.

5.    **DESIGNATING PROTECTED MATERIAL**

5.1    **Exercise of Restraint and Care in Designating Material for Protection.** Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents,

1    items or communications for which protection is not warranted are not swept

2    unjustifiably within the ambit of this Order.

3        Mass, indiscriminate or routinized designations are prohibited. Designations

4    that are shown to be clearly unjustified or that have been made for an improper

5    purpose (e.g., to unnecessarily encumber the case development process or to impose

6    unnecessary expenses and burdens on other parties) may expose the Designating Party

7    to sanctions.

8        If it comes to a Designating Party's attention that information or items that it

9    designated for protection do not qualify for protection that Designating Party must

10    promptly notify all other Parties that it is withdrawing the inapplicable designation.

11        **5.2**    **Manner and Timing of Designations.** Except as otherwise provided in

12    this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise

13    stipulated or ordered, Disclosure or Discovery Material that qualifies for protection

14    under this Order must be clearly so designated before the material is disclosed or

15    produced.

16        Designation in conformity with this Order requires:

17        (a)    for information in documentary form (e.g., paper or electronic

18    documents, but excluding transcripts of depositions or other pretrial or trial

19    proceedings), that the Producing Party affix at a minimum, the legend

20    "CONFIDENTIAL" or words of a similar effect, and that includes the case name and

21    case number (hereinafter "CONFIDENTIAL legend"), to each page that contains

22    protected material. If only a portion of the material on a page qualifies for protection,

23    the Producing Party also must clearly identify the protected portion(s) (e.g., by

24    making appropriate markings in the margins).

25        A Party or Non-Party that makes original documents available for inspection

26    need not designate them for protection until after the inspecting Party has indicated

27    which documents it would like copied and produced. During the inspection and

28    before the designation, all of the material made available for inspection shall be

1  deemed "CONFIDENTIAL." After the inspecting Party has identified the documents
2  it wants copied and produced, the Producing Party must determine which documents,
3  or portions thereof, qualify for protection under this Order. Then, before producing
4  the specified documents, the Producing Party must affix the "CONFIDENTIAL
5  legend" to each page that contains Protected Material. If only a portion of the
6  material on a page qualifies for protection, the Producing Party also must clearly
7  identify the protected portion(s) (e.g., by making appropriate markings in the
8  margins).

9      (b)     for testimony given in depositions that the Designating Party identifies
10  the Disclosure or Discovery Material on the record, before the close of the deposition
11  all protected testimony.

12      (c)     for information produced in some form other than documentary and for
13  any other tangible items, that the Producing Party affix in a prominent place on the
14  exterior of the container or containers in which the information is stored the legend
15  "CONFIDENTIAL." If only a portion or portions of the information warrants
16  protection, the Producing Party, to the extent practicable, shall identify the protected
17  portion(s).

18      **5.3**   **Inadvertent Failures to Designate.** If timely corrected, an inadvertent
19  failure to designate qualified information or items does not, standing alone, waive the
20  Designating Party's right to secure protection under this Order for such material.
21  Upon timely correction of a designation, the Receiving Party must make reasonable
22  efforts to assure that the material is treated in accordance with the provisions of this
23  Order.

24  **6.   CHALLENGING CONFIDENTIALITY DESIGNATIONS**

25      **6.1**   **Timing of Challenges.** Any Party or Non-Party may challenge a
26  designation of confidentiality at any time that is consistent with the Court's
27  Scheduling Order.

28  ///

8

**6.2    Meet and Confer.**  The Challenging Party shall initiate the dispute resolution process under Local Rule 37.1 et seq.

**6.3**    The burden of persuasion in any such challenge proceeding shall be on the Designating Party.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions.  Unless the Designating Party has waived or withdrawn the confidentiality designation, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules on the challenge.

**7.    ACCESS TO AND USE OF PROTECTED MATERIAL**

**7.1    Basic Principles.**  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this Action only for prosecuting, defending or attempting to settle this Action.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the Action has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**7.2    Disclosure of "CONFIDENTIAL" Information or Items.**  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a)    the Receiving Party's Counsel of Record in this Action, as well as employees of said Counsel of Record to whom it is reasonably necessary to disclose the information for this Action;

9

(b)     Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c)     the court and its personnel;

(e)     court reporters and their staff;

(e)     professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(g)     during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit "A" hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit "A"), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(h)     any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A).

**7.3.**     Counsel making the disclosure to any qualified person described herein shall retain the original executed copy of the Nondisclosure Agreement until sixty (60) days after this litigation has become final, including any appellate review, and monitoring of an injunction.  Counsel for the Receiving Party shall maintain all signed Nondisclosure Agreements and shall produce the original signature page upon reasonable written notice from opposing counsel.  If an issue arises regarding a

purported unauthorized disclosure of Confidential Information, upon noticed motion of contempt filed by the Designating Party, counsel for the Receiving Party may be required to file the signed Nondisclosure Agreements, as well as a list of the disclosed materials, in camera with the Court having jurisdiction of the Stipulation.

**8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL," that Party must:

(a)     promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

(b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

(c)     cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

The Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL", unless the Party has obtained the Designating Party's permission or an order from the court from which the subpoena or order issued.  Nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this Action to disobey a lawful directive from another court.

**9.     A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a)     The terms of this Order are applicable to information produced by a Non-Party in this Action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the

11

remedies and relief provided by this Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b)     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(1)     promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(2)     promptly provide the Non-Party with a copy of the Stipulated Protective Order in this Action, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(3)     make the information requested available for inspection by the Non-Party, if requested.

(c)     If the Non-Party fails to seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.  Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10.     UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or

1  persons to whom unauthorized disclosures were made of all the terms of this Order,

2  and (d) request such person or persons to execute the "Acknowledgment and

3  Agreement to Be Bound" that is attached hereto as Exhibit A.

4  **11.  INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE**

5  **PROTECTED MATERIAL**

6  When a Producing Party gives notice to Receiving Parties that certain

7  inadvertently produced material is subject to a claim of privilege or other protection,

8  the obligations of the Receiving Parties are those set forth in Federal Rule of Civil

9  Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure

10  may be established in an e-discovery order that provides for production without prior

11  privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the

12  parties reach an agreement on the effect of disclosure of a communication or

13  information covered by the attorney-client privilege or work product protection, the

14  parties may incorporate their agreement in the stipulated protective order submitted to

15  the court.

16  **12.  MISCELLANEOUS**

17  **12.1  Right to Further Relief.**  Nothing in this Order abridges the right of any

18  person to seek its modification by the Court in the future.

19  **12.2  Right to Assert Other Objections.**  By stipulating to the entry of this

20  Protective Order, no Party waives any right it otherwise would have to object to

21  disclosing or producing any information or item on any ground not addressed in this

22  Stipulated Protective Order.  Similarly, no Party waives any right to object on any

23  ground to use in evidence of any of the material covered by this Protective Order.

24  **12.3  Filing Protected Material.**  A Party that seeks to file under seal any

25  Protected Material must comply with Local Civil Rule 79-5.  Protected Material may

26  only be filed under seal pursuant to a court order authorizing the sealing of the

27  specific Protected Material at issue.  If a Party's request to file Protected Material

28

13

1   under seal is denied by the court, then the Receiving Party may file the information in
2   the public record unless otherwise instructed by the court.

3   **13.    FINAL DISPOSITION**

4           After the FINAL DISPOSITION of this Action, as defined in paragraph 2.8,
5   within 30 days of a written request by the Designating Party, each Receiving Party
6   must return all Protected Material to the Producing Party.  As used in this subdivision,
7   "all Protected Material" includes all copies, abstracts, compilations, summaries, and
8   any other format reproducing or capturing any of the Protected Material.  The
9   Receiving Party must submit a written certification to the Producing Party (and, if not
10  the same person or entity, to the Designating Party) by the 30 day deadline that (1)
11  identifies (by category, where appropriate) all the Protected Material that was returned
12  and (2) affirms that the Receiving Party has not retained any copies, abstracts,
13  compilations, summaries or any other format reproducing or capturing any of the
14  Protected Material.

15  **14.    VIOLATION**

16          Any violation of this Order may be punished by appropriate measures
17  including, without limitation, contempt proceedings and/or monetary sanctions.

18

19  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

20

21  Dated:  June 25, 2019          Respectfully submitted,
22

23                                 **CARRILLO LAW FIRM, LLP**

24                                 By:  */ s / Luis A. Carrillo*
25                                      Luis A. Carrillo, Esq.
26                                 *Attorneys for Plaintiffs*
                                   **ELIZABETH MEDRANO, ALFREDO ESCOBEDO,**
27                                 **Plaintiffs and as Successors-in-Interest for Decedent**
28                                 **Christian Escobedo**

14

1   Dated:  June 25, 2019              Respectfully submitted,

2
                                       **MICHAEL N. FEUER**, City Attorney
3                                      **JAMES P. CLARK**, Chief Deputy City Attorney
                                       **CORY M. BRENTE**, Senior Assistant City Attorney
4

5                                      By:___ / s / Ty A. Ford_____

6                                          **TY A. FORD**, Deputy City Attorney
                                       *Attorneys for Defendant* **CITY OF LOS ANGELES**
7

8

9   **FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

10

11

12  DATED:  _6/25/19_

13                                     **HONORABLE CHARLES F. EICK**
                                       United States Magistrate Judge
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                       15

1

2

**ATTACHMENT "A"**

**NONDISCLOSURE AGREEMENT**

3    I, _____ do solemnly swear that I am fully familiar

4   with the terms of the Protective Order entered in *Elizabeth Medrano, et al. v. City of*

5   *Los Angeles, et al.,* United States District Court for the Central District of California,

6   Central Division, Case No. 2:18-cv-09435 R (E), and hereby agree to comply with

7   and be bound by the terms and conditions of said Order.  I hereby consent to the

8   jurisdiction of the United States District Court for the Central District of California

9   for purposes of enforcing this Order.

10

11   DATE:_____          By:_____

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1